**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 06-CR-20030-DT
                                                            04-CR-80391-DT

DEWAYNE BOYD,

    Defendant.

_____/

**OPINION AND ORDER GRANTING GOVERNMENT'S
"MOTION FOR UPWARD DEPARTURE"**

In this order, the court consolidates and re-states the reasons supporting its decision to grant the Government's "Motion for Upward Departure and Sentence Memorandum," filed on August 11, 2006, and its reasoning in passing the sentence ultimately decided upon. Defendant Dwayne Boyd filed an untimely response brief to the Government's motion on September 25, 2006,[1] and the court conducted a sentencing hearing on September 26, 2006.

**I. STANDARD**

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy this constitutional

---

[1] Defendant's response brief was entitled "Response to Government's Motion for Upward Departure" but, confusingly, was accompanied by a "Brief in Support of Motion to Not Depart Upward." Further, defense counsel electronically filed this document as a "Motion for Downward Departure." (Dkt. # 25.) Despite the three different titles for this filing, the court interprets the submission as a response brief.

violation, the Court severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing Guidelines effectively advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

Following *Booker*, this court has found that the proper approach in fashioning a sentence is to first consider the correctly-calculated Guideline range (commonly as the range is recommended by the probation officer). The court must, however, take fully into account and resolve any objections and make whatever factual findings may be needed (by a preponderance of the evidence) upon which to base sentencing enhancements or diminutions as provided for in the Guidelines. The court should then decide whether there is any basis on which to depart either upward or downward within the Guidelines regime. If there is such a basis, it should be duly announced and supported. The court should then evaluate the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and consider further possible reasons to vary from the Guideline range, attempting to avoid "double-counting" of factors already taken into account. The goal, through all of this, is to arrive at a sentence which is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a).[2]

---

[2]This approach, fundamentally, was the one utilized by the court in *United States v. Coleman*, 370 F. Supp. 2d 661 (S.D. Ohio 2005). In *Coleman*, the court declared that in its post-*Booker* sentencings it would begin "by considering the applicable Guideline range as recommended by the probation officer's report." *Id.* at 667. The court stated that next, it would consider the parties' objections and make any necessary factual findings for sentencing enhancements under the preponderance of the evidence standard. *Id.* After determining what enhancements apply, the court would then evaluate the rest of the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). *Id.*

## II.  DISCUSSION

On December 15, 2004, Defendant Dewayne Boyd was convicted by a jury of various fraud-related offenses.  Defendant had been free on bond pending sentencing, but failed to appear. Because he was charged and convicted of that subsequent flight, a more recent edition of the Guidelines was used to calculate his range, which is 41-51 months. Using the 2000 version of the Guidelines, the offense level would be one level lower, with a range of 37-46 months. This range was recommended in the first version of the Presentence Report, which took into account an upward adjustment for obstructive behavior based upon his conviction of Count 7, false statements.

Defendant, however, did not merely "fail to appear" for sentencing. Having surrendered his passport, he fraudulently obtained a substitute passport by making false statements on the application. He did so with the obvious intent to execute a plan of escaping the country and, he hoped, his punishment for the offenses of conviction. He left the country and remained an obstructive fugitive for eight months, having taken up residence in Ghana, Africa.

Defendant was apprehended after an elaborate international and partly undercover investigation revealed his whereabouts and flushed him into the open.  He was returned to the United States, was tried and convicted of failure to appear for sentencing in violation of 18 U.S.C. § 3146.  If separately considered, his guideline range for the crime of failing to appear would be at least a level 15, Criminal History II

(21-27 months)[3] or, as argued by the Government at sentencing, a level 18, Criminal History II (30-47 months).

Under 18 U.S.C. § 3146, a sentence for failing to appear "shall be consecutive" to his sentence for any other offense. 28 U.S.C. § 3146(b)(2). Thus, harkening to the language of § 3146 and combining the two ranges using the 2005 Guidelines, Defendant's total guideline range would be either 62-78 months (consisting of 41-51 months for the underlying offense and 21-27 months for the failure to appear) or 66-84 months (consisting of 36-47 months for the underlying offense and 30-37 months for the failure to appear).[4]

Running somewhat crosswise with a requirement of consecutive sentencing, the Guidelines provide for only one enhancement per case for obstructing justice. USSG § 3C1.1. Being convicted of the false statements crime is such an enhancement – and was calculated into Defendant's guideline range– as is failure to appear and other obstructive behavior. This defendant committed several acts constituting obstructive behavior that are not reflected in his guideline range. Thus, the Probation Department's

---

[3] A Level II Criminal History would apply due to additional criminal history points added for the 2004 fraud convictions.

[4] The parties in their briefing disputed without much elaboration what a guideline range would be for the flight conviction if it were to be considered in isolation. The Government's brief contended it to be 27-33 months (Gov't Br. at 6 n. 3), but that estimate was revised at the sentencing hearing to 30-37 months, using the 9-level enhancement of 2J1.6(b)(2)(A), and assuming a Level II Criminal History Category. Defendant, relying upon the 6-level enhancement of that Guideline and a Level I Criminal History Category, asserted the range should be only 18-24 months, (Def.'s Resp. at ¶¶ 2-3). The court finds, first, that it is not necessary with finality and definiteness to determine which, if either, calculation is "correct" since the effort is being made to *guide* rather than to shackle the court to a particular range. The court believes that the Government's suggestion that the 9-level enhancement of 2J1.6(b)(2)(A), and with it a greater number of months, is the more likely correct view.

proposed sentencing range, correctly calculated under the guidelines, does not reflect *any* additional sentence for Defendant's flight to Africa.  The court finds this result to be simply untenable under the facts of this case.

Application Note 4 to USSG § 2J1.6 provides:

> If a defendant is convicted of both the underlying offense and the failure to appear count, and the defendant committed additional acts of obstructive behavior (e.g., perjury) during the investigation, prosecution, or sentencing of the instant offense, an upward departure may be warranted. The upward departure will ensure an enhanced sentence for obstructive conduct for which no adjustment under § 3C1.1 (Obstruction of Justice) is made because of the operation of the rules set out in Application Note 3.

USSG § 2J1.6, Application Note 4.

Agreeing with the substance of this Application Note, the court finds an upward departure warranted under the unique circumstances of this case.  To find otherwise would be to reward –or at a minium to ignore– Defendant's blatant disregard for this court and the trust which it mistakenly bestowed upon him.  Moreover, as the Government points out, an upward departure will also punish Defendant for "the extent to which he caused law enforcement resources (which could have been used for other purposes) to be diverted in order that he could be located and apprehended." (Gov't's Br. at 2.)  The court will grant the Government's motion, despite opposition from Defendant,[5] concluding as it does that the failure-to-appear sentence must be at least

---

[5]Although docketed as a motion for *downward* departure, and entitled a motion *not* to depart upward, it is unclear to the court whether Defendant's response brief opposes an upward departure altogether, or opposes it only so far that the Government recommends an additional 27-33 months.  Indeed, Defendant states that an upward departure is not necessary because Defendant's sentence for flight (which Defendant argues is 18-24 months) will be consecutive to his underlying sentence. (Def.'s Mot. at ¶¶ 2-3.)  However, as set forth in the body of this opinion and in the presentence investigation report, due to the guideline calculations, Defendant would not receive a consecutive sentence absent an upward departure.  Thus, the court will interpret

effectively consecutive to the underlying offenses. Because the Guideline range, correctly calculated, ends at an inadequate 51 months, the final, extended, "range" to which the court will look is 66-84 months (consisting of the 36-47 month range for the underlying offense from the 2000 Guideline manual, and 30-37 months for the more serious failure to appear calculation argued by the Government at sentencing).

Having determined the appropriate guideline range and applicable sentencing enhancements, the court will now evaluate the rest of the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) to determine whether there is any reason to vary from the calculated range in order to locate the correct sentence. Under 18 U.S.C. § 3553, the court is to consider the following sentencing factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
      (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the

---

Defendant's brief, however it is labeled, as an opposition to *any* upward departure.

6

                              Sentencing Commission into amendments issued under section 994(p) of title 28); and

            (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement–

    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a)(1)-(7).

After considering these factors, the court has concluded that a sentence of 46 months, concurrent, for the underlying fraud offenses is appropriate.[6] This sentence is

---

[6] The specific sentence of 46 months was chosen only in light of the court's intended consecutive sentence for the flight pursuant to upward departure analysis. If the court had not found an upward departure from the guideline range appropriate under Application Note 4 to USSG § 2J1.6, the court would have adjusted Defendant's sentence in any event after considering the remaining factors listed under 18 U.S.C. § 3553. After *Booker*, the guidelines are merely advisory, and only one factor to consider under § 3553. *Booker*, 543 U.S. at 244-64. Thus, to avoid disparity of sentences for like crimes and, more importantly, in order to adequately punish Defendant, the court would have sentenced him to the same 76 months imprisonment even if an upward departure were not warranted under the sentencing guidelines. The court acknowledges

at the top of the Guideline range that would have applied using the 2000 manual, and within the range contemplated by using the 2005 manual. To afford the needed level of penalty for one who attempted to flee the consequences of a deceitful defrauding of government and corporate sponsors who thought they were supporting a Congressionally-sponsored public-interest conference, a consecutive sentence of 30 months will be applied. The court finds this overall sentence of 76 months adequate, but not excessive, in order to reflect the seriousness of Defendant's continued disrespect for this country and its laws, and to provide a just punishment for the fraudulent behavior exhibited by Defendant in exploiting his position in a governmental office for his own personal gain.  The sentence also reflects the need to deter such criminal conduct (including both the underlying offenses as well as the failure to appear) in the future.  The court finds the sentence to be imposed as one that is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), and reasonable under the facts of this case.

      The court's sentence of 30 months consecutive to the other sentences for the unlawful flight conviction constitutes an upward departure of 25 months from the otherwise-correct range that tops out at 51 months. Such a departure is consistent with USSG § 2J1.6, Application Note 4, the defendant having been convicted of both the underlying offense and the failure to appear count, and the defendant committing additional acts of obstructive behavior during the investigation, prosecution, and sentencing of the instant offense. This upward departure will ensure an enhanced

---

that there are other ways to reach this total sentence; for example it could have imposed a sentence calculated with 51 months for the fraud convictions and a consecutive 25 months for the flight, or any other combination adding up to 76 months.

sentence for obstructive conduct for which no adjustment under § 3C1.1 (Obstruction of Justice) is made because of the operation of the rules set out in Application Note 3. To do otherwise would be to ignore the Defendant's flight, and that the court refuses to do.

### III.  CONCLUSION

For the reasons discussed above and those additionally stated on the record at the September 26, 2006 sentencing hearing, IT IS ORDERED that the Government's "Motion for Upward Departure" [Dkt. # 23] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522